# UNITED STATES DISTRICT COURT
# FOR THE
# WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| LOCAL UNION NO. 124 I.B.E.W. PENSION TRUST FUND, a Trust Fund, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Civil Action No.: 4:18-CV00759-GAF ) |
| LYNCH ELECTRICAL, INC., | ) ) ) |
| Defendant. | ) |

## DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

**COME NOW** Defendant, Lynch Electrical, Inc. (hereinafter "Lynch"), by and through its attorney, John L. Williams, and does hereby answer Plaintiffs' Complaint filed herein as follows:

## COUNT I

1. Defendant admits the allegations contained in paragraphs 1, 2, 3, 4, 6, 7, 8, 9, 10, 11, 13 and 14 of Count I of Plaintiffs' complaint.

2. Defendant denies the allegations contained in paragraphs 12 and 15 of Count I of Plaintiffs' complaint.

3. Defendant is without sufficient information or knowledge with which to form a belief as to the veracity of the allegations contained in paragraphs 5 of Count I of Plaintiffs' complaint and, therefore, denies same.

4. In response to the allegations contained in paragraph 16 of Count I of Plaintiffs' complaint Defendant admits Defendant is required by Section 515 of ERISA, 29 U.S.C. §1145, to make fringe benefit contributions to Plaintiffs pursuant to and in accordance

1

with the terms and conditions of the aforesaid collective bargaining agreements and Trust Agreement, as amended, however, Defendant is without sufficient information or knowledge with which to form a belief as to the veracity of the remaining allegations contained in paragraph 16 of Count I of Plaintiffs' complaint and, therefore, denies same.

5. In response to the allegations contained in paragraph 17 of Count I of Plaintiffs' complaint Defendant admits that pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), Plaintiffs are generally entitled to a mandatory award of unpaid fringe benefit contributions; interest on said unpaid fringe benefit contributions as provided by for in the aforesaid Trust Agreement, as amended; liquidated damages as provided for in the aforesaid Trust Agreement, as amended; reasonable attorneys' fees; and their cost of their action in the event a defendant fails to pay same, however, Defendant states said section does not apply in the instant case in that Defendant has paid all fringe benefits calculated by Plaintiff to be paid by Defendant.

6. Plaintiffs' complaint fails to state a cause of action for which relief may be granted against Defendant, specifically, as said Defendant has paid into the Pension Trust Fund the amount Plaintiff notified Defendant it was obligated to pay and, therefore, should be dismissed.

7. Defendant denies any allegation of Count I of Plaintiffs' complaint not admitted herein.

8. Further answering, and by way of an affirmative defense, Defendant states Plaintiffs have failed to follow the inside labor agreement by and between the Kansas City Chapter National Electrical Contractors Association and International Brotherhood of Electrical Workers Local Union No. 124, AFL-CIO.

**WHEREFORE**, having fully answered Count I of Plaintiffs' Complaint, Defendant moves that Plaintiffs' Complaint be dismissed and that it be allowed to go hence.

## COUNT II

9. Defendant hereby incorporates and adopts its answers to paragraphs 1-17 of Count I as if fully set forth herein.

10. Defendant admits the allegations contained in paragraphs 1 and 2 of Count II of Plaintiffs' complaint.

11. Defendant denies the allegations contained in paragraph 3 of Count II of Plaintiffs complaint.

12. Defendant admits Plaintiff incorporates and adopts paragraphs 1, 4, 5, 6, 7, 8, 9, 10, 11, 13, 14, 15, 16 and 17 of Count I of Plaintiffs' complaint and in response thereto Defendant incorporates and adopts its answers to said paragraphs as set forth in Count I of Plaintiffs' complaint as if fully set forth herein.

13. Plaintiffs' complaint fails to state a cause of action for which relief may be granted against Defendant, specifically, as it relates to Defendant, as said Defendant has paid into the Benefit Fund the amount Plaintiff notified Defendant it was obligated to pay and, therefore, should be dismissed.

14. Defendant denies any allegation of Count II of Plaintiffs' complaint not admitted herein.

15. Further answering, and by way of an affirmative defense, Defendant states Plaintiffs have failed to follow the inside labor agreement by and between the Kansas City Chapter National Electrical Contractors Association and International Brotherhood of Electrical Workers Local Union No. 124, AFL-CIO.

3

**WHEREFORE**, having fully answered Count II of Plaintiffs' Complaint, Defendant moves that Plaintiffs' Complaint be dismissed and that it be allowed to go hence.

## COUNT III

16. Defendant hereby incorporates and adopts its answers to paragraphs 1-17 of Count I and 1-4 of Count II as if fully set forth herein.

17. Defendant admits the allegations contained in paragraphs 1 and 2 of Count III of Plaintiffs' complaint.

18. Defendant denies the allegations contained in paragraph 3 of Count III of Plaintiffs' complaint.

19. Defendant admits Plaintiff incorporates and adopts paragraphs 1, 4, 5, 6, 7, 8, 9, 10, 11, 13, 14, 15, 16 and 17 of Count I of Plaintiffs' complaint and in response thereto Defendant incorporates and adopts its answers to said paragraph set forth in Count I of Plaintiffs' complaint as if fully set forth herein.

20. Plaintiffs' complaint fails to state a cause of action for which relief may be granted against Defendant, specifically, as said Defendant has paid into the NECA Annuity and 401 (k) Trust Fund the amount Plaintiff notified Defendant it was obligated to pay and, therefore, should be dismissed.

21. Defendant denies any allegation of Count IV of Plaintiffs' complaint not admitted herein.

22. Further answering, and by way of an affirmative defense, Defendants state Plaintiffs have failed to follow the inside labor agreement by and between the Kansas City Chapter National Electrical Contractors Association and International Brotherhood of Electrical Workers Local Union No. 124, AFL-CIO.

**WHEREFORE**, having fully answered Count III of Plaintiffs' Complaint, Defendant moves that Plaintiffs' Complaint be dismissed and that it be allowed to go hence.

## COUNT IV

23. Defendants hereby incorporates and adopts its answers to paragraphs 1-17 of Count I, 1-4 of Count II and 1-4 of Count III as if fully set forth herein.

24. Defendant admits the allegations contained in paragraphs 1 and 2 of Count IV of Plaintiffs' complaint.

25. Defendant denies the allegations contained in paragraph 3 of Count IV of Plaintiffs' complaint.

26. Defendant admits Plaintiff incorporates and adopts paragraphs 1, 4, 5, 6, 7, 8, 9, 10, 11, 13, 14, 15, 16 and 17 of Count I of Plaintiffs' complaint and in response thereto Defendant incorporates and adopts its answers to said paragraphs set forth in Count I of Plaintiffs' complaint as if fully set forth herein.

27. Plaintiffs' complaint fails to state a cause of action for which relief may be granted against Defendant, specifically, as said Defendant has paid into the Health and Welfare Fund the amount Plaintiff notified Defendant it was obligated to pay and, therefore, should be dismissed.

28. Defendant denies any allegation of Count IV of Plaintiffs' complaint not admitted herein.

29. Further answering, and by way of an affirmative defense, Defendant states Plaintiffs have failed to follow the inside labor agreement by and between the Kansas City Chapter National Electrical Contractors Association and International Brotherhood of Electrical Workers Local Union No. 124, AFL-CIO.

**WHEREFORE**, having fully answered Count IV of Plaintiffs' Complaint, Defendant moves that Plaintiffs' Complaint be dismissed and that it be allowed to go hence.

## COUNT V

30. Defendants hereby incorporates and adopts its answers to paragraphs 1-17 of Count I, 1-4 of Count II, 1-4 of Count III and 1-4 of Court IV as if fully set forth herein.

31. Defendant admits the allegations contained in paragraphs 1 and 2 of Count V of Plaintiffs' complaint.

32. Defendant denies the allegations contained in paragraph 3 of Count V of Plaintiffs' complaint.

33. Defendant admits Plaintiff incorporates and adopts paragraphs 1, 4, 5, 6, 7, 8, 9, 10, 11, 13, 14, 15, 16 and 17 of Count I of Plaintiffs' complaint and in response thereto Defendant incorporates and adopts its answers to said paragraphs set forth in Count I of Plaintiffs' complaint as if fully set forth herein.

34. Plaintiffs' complaint fails to state a cause of action for which relief may be granted against Defendant, specifically, as said Defendant has paid into the Vacation & Holiday Trust Fund the amount Plaintiff notified Defendant it was obligated to pay and, therefore, should be dismissed.

35. Defendant denies any allegation of Count V of Plaintiffs' complaint not admitted herein.

36. Further answering, and by way of an affirmative defense, Defendant state Plaintiffs have failed to follow the inside labor agreement by and between the Kansas City Chapter National Electrical Contractors Association and International Brotherhood of Electrical Workers Local Union No. 124, AFL-CIO.

6

**WHEREFORE**, having fully answered Count V of Plaintiffs' Complaint, Defendant moves that Plaintiffs' Complaint be dismissed and that it be allowed to go hence.

## COUNT VI

37. Defendant hereby incorporates and adopts its answers to paragraphs 1-17 of Count I, 1-4 of Count II, 1-4 of Count III, 1-4 of Count IV and 1-4 of Count V as if fully set forth herein.

38. Defendant admits the allegations contained in paragraphs 1 and 2 of Count VI of Plaintiffs' complaint.

39. Defendant denies the allegations contained in paragraph 3 of Count VI of Plaintiffs' complaint.

40. Defendant admits Plaintiff incorporates and adopts paragraphs 1, 4, 5, 6, 7, 8, 9, 10, 11, 13, 14, 15, 16 and 17 of Count I of Plaintiffs' complaint and in response thereto Defendant incorporates and adopts its answers to said paragraphs set forth in Count I of Plaintiffs' complaint as if fully set forth herein.

41. Plaintiffs' complaint fails to state a cause of action for which relief may be granted against Defendant, specifically, as said Defendant has paid into the Electrical Joint Apprenticeship and Training Trust Fund the amount Plaintiff notified Defendant it was obligated to pay and, therefore, should be dismissed.

42. Defendant denies any allegation of Count VI of Plaintiffs' complaint not admitted herein.

43. Further answering, and by way of an affirmative defense, Defendants state Plaintiffs have failed to follow the inside labor agreement by and between the Kansas

7

City Chapter National Electrical Contractors Association and International Brotherhood of Electrical Workers Local Union No. 124, AFL-CIO.

**WHEREFORE**, having fully answered Count VI of Plaintiffs' Complaint, Defendant moves that Plaintiffs' Complaint be dismissed and that it be allowed to go hence.

## COUNT VII

44. Defendant hereby incorporates and adopts its answers to paragraphs 1-17 of Count I, 1-4 of Count II, 1-4 of Count III, 1-4 of Count IV, 1-4 of Count V and 1-4 of Count VI as if fully set forth herein.

45. Defendant admits the allegations contained in paragraphs 1, 2 and 3 of Count VII of Plaintiffs' complaint.

46. Defendant denies the allegations contained in paragraph 4 of Count VII of Plaintiffs' complaint.

47. Defendant admits Plaintiff incorporates and adopts paragraphs 1, 4, 5, 6, 7, 8, 9, 10, 11, 13, 14, 15, 16 and 17 of Count I of Plaintiffs' complaint and in response thereto Defendant incorporates and adopts its answers to said paragraphs set forth in Count I of Plaintiffs' complaint as if fully set forth herein.

48. Plaintiffs' complaint fails to state a cause of action for which relief may be granted against Defendant, specifically, as said Defendant has paid into the Labor Management Cooperation Trust the amount Plaintiff notified Defendant it was obligated to pay and, therefore, should be dismissed.

49. Defendant denies any allegation of Count VII of Plaintiffs' complaint not admitted herein.

8

50. Further answering, and by way of an affirmative defense, Defendants state Plaintiffs have failed to follow the inside labor agreement by and between the Kansas City Chapter National Electrical Contractors Association and International Brotherhood of Electrical Workers Local Union No. 124, AFL-CIO.

**WHEREFORE**, having fully answered Count VII of Plaintiffs' Complaint, Defendant moves that Plaintiffs' Complaint be dismissed and that it be allowed to go hence.

### COUNT VIII

51. Defendant hereby incorporates and adopts its answers to paragraphs 1-17 of Count I, 1-4 of Count II, 1-4 of Count III, 1-4 of Count IV, 1-4 of Count V, 1-4 of Count VI, and 1-5 of Count VII as if fully set forth herein.

52. Defendant admits the allegations contained in paragraphs 1, 2, and 3 of Count VIII of Plaintiffs' complaint.

53. In response to the allegations contained in paragraph 4 of Count VIII of Plaintiffs' complaint Defendant admits electrical worker employees of Defendant were employed under the terms of the collective bargaining agreement between the Defendant and the Union under the terms of which Defendant agreed, among other things, to deduct various sums per hour from the wages of each employee covered by and subject to said agreements from April 1, 2015, to date as and for supplemental dues and to remit same to Plaintiff; and during said period of time to submit written reports within ten (10) days after the last day of the preceding month for the hours worked during said preceding month; that said reports should list the names and hours worked and the amounts deducted and remitted for each such employee of Defendant; that said agreement of Defendant to deduct said amounts from wages of employees covered under the collective

9

bargaining agreements was in accordance with and pursuant to individual and voluntary written authorization by said employees for the check-off of said dues, all as permitted and pursuant to Section 302(c) of the National Labor Relations Act; however, Defendant denies the other allegations contained in paragraph 4 of Count VIII of Plaintiff's complaint.

54. In response to the allegations contained in paragraph 6 of Count VIII of Plaintiffs' complaint Defendant denies it has failed and refused to deduct said supplemental dues from the wages of employees covered by the Agreements referred to herein and has failed and refused to submit correct remittance reports of such dues to the Plaintiff Union from April 1, 2015, to date.

55. Plaintiffs' complaint fails to state a cause of action for which relief may be granted against Defendant, specifically, as said Defendant has paid the supplemental dues in the amount Plaintiff notified Plaintiff it was obligated to pay and, therefore, should be dismissed.

56. Defendant denies any allegation of Count VIII of Plaintiffs' complaint not admitted herein.

58. Further answering, and by way of an affirmative defense, Defendant states Plaintiffs have failed to follow the inside labor agreement by and between the Kansas City Chapter National Electrical Contractors Association and International Brotherhood of Electrical Workers Local Union No. 124, AFL-CIO.

**WHEREFORE**, having fully answered Count VIII of Plaintiffs' Complaint, Defendant moves that Plaintiffs' Complaint be dismissed and that it be allowed to go hence.

# COUNTER-CLAIM

Comes now Defendant Lynch Electrical, Inc. and for its cause of action against Defendant International Brotherhood of Electrical Workers Local Union No. 124, AFL-CIO (hereinafter referred to as "Union") states:

1. This action arises under and jurisdiction is founded on Section 301 of the Labor Management Relations Act, as amended, 29 U.S.C. §185 (hereinafter referred to as "LMRA").

2. Defendant, Lynch Electrical, Inc. is a Missouri corporation doing business in the State of Missouri in the Western District of Missouri; that Defendant at all times material herein employed electrical workers performing work covered by the collective bargaining agreements herein mentioned.

3. Plaintiff, International Brotherhood of Electrical Workers Local Union No. 124, AFL-CIO (hereinafter referred to as "Union") is a labor organization representing employees in industry affecting commerce as defined by Sections 501(1) and (3) of the LMRA, 29 U.S.C. §142 (1) and (3); and within the meaning of Section 301 of the LMRA, 29 U.S.C. §185 and 29 U.S.C. §152(5), and is an unincorporated association.

4. Plaintiff Union maintains its principal offices in Kansas City, Jackson County, Missouri, and Plaintiff's duly authorized officers and agents are engaged in representing or acting for employee members in Jackson County, Missouri, within territorial jurisdiction of this Court.

5. At all times material herein Plaintiff and Defendant signed a Letter of Assent for the inside Labor Agreement; Stockman Drive and/or Material Expediter Labor Agreement; Construction Wiremen/Construction Electrician Labor Agreement; and

Voice, Data, Video/Security Labor Agreement, and agreed to be bound by the terms and conditions of collective bargaining agreement then in effect and that would subsequently be in effect between the Kansas City Chapter National Electrical Contractors Association and the International Brotherhood of Electrical Workers Local Union No. 124, AFL-CIO; that Plaintiff and Defendant are thereby bound by all collective bargaining agreements in effect on said date up to and including the present date.

5. Electrical worker employees of Defendant were employed under the terms of the collective bargaining agreement between the Defendant and Plaintiff Union under the terms of which Plaintiff and Defendant agreed, among other things, to utilize a referral of applicants system wherein the business manager of the Plaintiff union referred applicants to Defendant upon the request of Defendant to perform the work required by the owner of projects, all as permitted and pursuant to Section 302(c) of the National Labor Relations Act.

6. Pursuant to the referral procedure of the collective bargaining agreement between the Defendant and Plaintiff Union, the Plaintiff Union was the sole and exclusive source of referral of applicants for employment to Defendant.

7. Plaintiff Union refers applicants for employment utilizing a Referral Notice – IBEW Local 124 whereby the Plaintiff Union indicates the name of the applicant as well as the classification of said applicant.

8. Plaintiff Union referred five (5) applicants to Defendant with the classifications contained upon said referrals.

9. Defendant was required to pay wage and fringe benefit contributions based upon the classifications Plaintiff Union provided to Defendant with the referrals.

10. Defendant paid the wage and fringe benefit contributions based upon the classifications Plaintiff Union provided to Defendant with the referrals.

11. Defendant subsequently learned the classifications Plaintiff Union provided to Defendant with the referrals were incorrect and of a higher classification than the actual qualifications of the respective referrals.

12. Therefore Defendant was forced to pay more than it would have been required to pay had the classifications been correct.

13. Defendant paid $38,898.87 in wages and fringe benefits that it would not have been required to pay had Plaintiff Union furnished proper classifications for said referrals.

14. Defendant has demanded said $38,898.87 from Plaintiff Union, however, Plaintiff Union has failed and refused to repay Defendant for the funds unnecessarily paid to Plaintiff Union's referrals.

WHEREFORE, Defendant prays for the following judgment against Plaintiff Union;

    A. For judgment against Plaintiff Union in the amount of $38,898.87; and

    B. For judgment against Plaintiff Union for interest on the unnecessarily paid wages and fringe benefit contributions; and

    C. For judgment against Plaintiff Union for reasonable attorneys' fees incurred in the prosecution of this cause; and

    D. For judgment against Plaintiff Union for costs incurred in this action; and

    E. For such other relief as the Court may deem appropriate.

Respectfully submitted,

**JOHN L. WILLIAMS, P.C.**

**/s/ John L. Williams**
John L. Williams     #29324
600 Broadway, Suite 250
Kansas City MO 64105
(816) 221-7177
(816) 221-0798 Fax
jlwmslaw@aol.com

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the above and foregoing was sent through the Court's electronic filing system to all parties of record this 23rd day of October, 2018.

/s/ John L. Williams
John L. Williams